IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES VECCHIONE )
)
    Plaintiff )
)
Vs. )
)
SEARCH AMERICA AKA ) 1:13CV590
EXPERIAN HEALTH CARE )
)
    Defendant )

## COMPLAINT

### I. Preliminary Statement

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15U.SC. §1681 *et seq.*, *as amended and the FAIR DEBT COLLECTIONS PRACTICES ACT(hereinafter the "FDCPA"), 15 U.S.C. §1692 et seq., as amended*

### II. Jurisdiction and Venue

2.    Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, §1337

### III. Venue

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### IV. Parties

4.    Plaintiff, James Vecchione, is an adult individual and citizen of the city of Durham, State of North Carolina.

5.    Defendant, SEARCH AMERICA, is a business entity that regularly conducts business in the State of North Carolina and is a company whose principle place of business is located at 6450 WEDGEWOOD RD,STE 100, MAPLE GROVE MN 55311.

## V. FACTUAL ALLEGATIONS

6. Plaintiff pulled his consumer credit report from the three major credit reporting agencies EXPERIAN, TRANSUNION, and EQUIFAX where he found entries by certain entities that he was unfamiliar with in the reports.

7. Plaintiff determined that his consumer credit report has been obtained on various occasions by various entities he did not recognize and without his consent.

8. Plaintiff found after examination of his EXPERIAN, TRANSUNION, and EQUIFAX consumer credit reports that Defendant SEARCH AMERICA, had obtained Plaintiff's EXPERIAN, consumer credit report on , January 24, 2013, March 6, 2012, September 4, 2011, & May 2, 2011.

9. Discovery of violation brought forth herein occurred on April 16, 2013 and is within the statue of limitations as defined in FCRA, 15 U.S.C. §1681p and FDCPA, 15 U.S.C. §1692(K)d.

### Count 1

### VIOLATION OF THE FAIR CREDIT REPORTING ACT(FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT SEARCH AMERICA

**10. Paragraphs 1 thru 8 are realleged as though fully set forth herein.**

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Defendant, SEARCH AMERICA, is a CORPORATION that acts as a debt collector, as defined by §1692a of the FDCPA.

13. EXPERIAN is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f)

14. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant SEARCH AMERICA.

18. At no time did Plaintiff give his consent for Defendant SEARCH AMERICA to acquire his consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. § 1681a(r)(4) states: The Term "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined section 1602(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purpose, but such terms does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. The definition of "account" clearly does not include an account such as a credit card open end credit account but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21. On January 24, 2013, March 6, 2012, September 4, 2011, & May 2, 2011 SEARCH AMERICA obtained the EXPERIAN consumer credit report for the Plaintiff with no permissible purpose

in violation of FCRA, 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what possible alleged account SEARCH AMERICA could claim to have of his and is positive he had no account with SEARCH AMERICA which would come under the definition of account in the FCRA in regard to permissible purpose.

22. The action of Defendant SEARCH AMERICA obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C.§ 1681b(f) and an egregious violation of Plaintiff's right to privacy.

23. **Paragraphs 1 through 8 are realleged as though fully set forth herein.**

## Count 2
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICE ACT(FDCPA), 15 U.S.C. §1692 FALSE OR MISLEADING REPRESENTATION IN COMMUNICATIONS SEARCH AMERICA

24. Exhibit A violates 15 U.S.C. §1692e, 1692e(2)(A) and 1692e(10)

25. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...

26. § 1692(2) The false representation of-

(A) the character, amount, or legal status of any debt... [or]

27. § 1692(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

# RELIEF

WHEREFORE, Plaintiff demands judgment for damages against Defendant, SEARCH AMERICA for statutory damages of $4000, punitive and statutory damages to be determined by this honorable court, attorney fee's and costs pursuant to 15 U.S.C. § 1681n(b)of the FCRA AND 15 U.S.C. § 1692K(a) of the FDCPA.

# JURY TRIAL DEMAND

Plaintiff, James Vecchione demands trial by jury.

By Plaintiff James Vecchione July 18, 2013

PO BOX 2725
Durham NC 27705
919-418-5976

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on
plaintiff and all parties in this action by hand delivery or facsimile at the
proceeding or by depositing the same in the United States Mail, first class,
postage prepaid, certified, and return receipt requested, addressed as
follows:

SEARCH AMERICA
(AKA EXPERIAN HEATH CARE)
6450 WEDGEWOOD RD
STE 100
MAPLE GROVE MN 55311
Phone: 763-416-1000
Fax: 763-416-1099
COMPLIANCE OFFICER: SUSAN HANSON

Respectfully submitted this 18 day of July, 2013

By Plaintiff James Vecchione

PO BOX 2725
Durham NC 27705
919-418-5976